UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:  CASE NO.: 12-27558-BKC-RBR
Chapter 7

**DAVID CHRISTOPHER NAGLE**
___Debtor._____/

## SUMMARY OF TRUSTEE'S COUNSEL'S FIRST AND FINAL FEE APPLICATION

| | | |
|---|---|---|
| 1. | Name of Applicant: | *Tabas, Freedman & Soloff, P.A.*<br>*f/k/a Tabas, Freedman, Soloff, Miller & Brown, P.A.* |
| 2. | Role of Applicant: | *Attorneys for Trustee, Scott N. Brown* |
| 3. | Name of Certifying Professional: | *Joel L. Tabas* |
| 4. | Date case filed: | *July 22, 2012* |
| 5. | Date of application for employment: | *October 5, 2012* |
| 6. | Date of order approving employment: | *October 9, 2012 nunc pro tunc to September 18, 2012* |
| 7. | If debtor's counsel, date of Disclosure of Compensation Form | *N/A* |
| 8. | Date of this application: | *June 27, 2014* |
| 9. | Dates of services covered: | *September 18, 2012 - June 27, 2014* |
| 10. | Balance in estate to date | *$7,865.00[1]* |
| | **Fees...** | |
| 11. | Total fee requested for this period (from Exhibit 1): | $      4,297.00 |
| 12. | Balance remaining in fee retainer account, not yet awarded: | $             0.00 |
| 13. | Fees paid or advanced for this period, by other sources: | $             0.00 |
| 14. | **Net amount of fee requested for this period**: | $      3,000.00[2] |
| | **Expenses...** | |
| 15. | Total expense reimbursement requested for this period: | $         253.57 |
| 16. | Balance remaining in expense retainer account, not yet received: | $             0.00 |
| 17. | Expenses paid or advanced for this period, by other sources: | $             0.00 |
| 18. | **Net amount of expense reimbursements requested for this period** | $         253.57 |
| 19. | Gross award requested for this period (#11 + #15) | $      4,550.57 |
| 20. | **Net award requested for this period** (#14 + #18) | $      3,253.57 |
| 21. | **If Final Fee Application, amounts of net awards requested in interim applications but not previously awarded (total from History of Fees and Expenses, following pages):** | $ |
| 22. | **Final fee and expense award requested (#20 + #21)** | $      3,253.57 |

---

[1] In addition to the funds currently on hand, the Trustee expects to receive an additional $2,000.00, pursuant to the terms of the stipulation for settlement.

[2] Applicant voluntarily reduces its total requested compensation from $4,297.00 to $3,000.00.

CASE NO.: 12-27558-BKC-RBR

## Fee Application

Tabas, Freedman & Soloff, P.A. f/k/a Tabas, Freedman, Soloff, Miller & Brown, P.A. (the "Applicant"), counsel for Scott N. Brown, the duly-appointed Trustee (the "Trustee"), applies for final compensation for fees for services rendered and costs incurred in this Chapter 7 proceeding. This Application is filed pursuant to 11 U.S.C. § 330 and Rule 2016, Federal Rules of Bankruptcy Procedure, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B). The exhibits attached to this application, pursuant to the Guidelines, are:

Exhibits "1-A" and "1-B" - Summary of Professional and Paraprofessional Time.

Exhibit "2" - Summary of Requested Reimbursements of Expenses.

Exhibit "3" - The applicant's complete time records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour.

This Application covers 17.80 hours of legal services rendered in this Chapter 7 case from September 18, 2012 through June 27, 2014 ("Total Fee Period"). Fees in the actual sum of $4,297.00 were incurred by Applicant during the Total Fee Period and are shown on Exhibit "3" attached hereto. However, due to the amount of funds collected in this estate, Applicant voluntarily reduces the amount of compensation from $4,297.00 to $3,000.00. Additionally, during the Total Fee Period, Applicant has expended and/or incurred costs in the amount of $253.57. Applicant believes that the requested fee of $3,000.00 is reasonable considering the twelve factors enumerated in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by <u>In re First Colonial Corp. of America</u>, 544 F.2d 1291 (5th Cir. 1977), as follows:

1. <u>The General Nature of the Services Rendered; the Amounts Involved and the Results Obtained</u>. This case was commenced on July 22, 2012, with the filing of the Debtor's voluntary Chapter 7 petition, and Scott N. Brown being appointed Trustee. On October 9, 2012, the Court entered an order approving the employment of Applicant as Trustee's counsel, *nunc pro tunc* to September 18, 2012. The time, effort and diligence expended by Applicant were substantial, and the courses of action chosen proved to be beneficial for the estate. The services rendered by Applicant have aided the Trustee in the collection of approximately $8,000.00 recovered in the estate to date. The Trustee has disbursed funds totaling $135.00 pursuant to orders of this Court authorizing disbursement of funds and general administrative expenses. The balance of funds on hand as of June 27, 2014, was $7,865.00. The actions undertaken by Applicant are summarized as follows:

2

     A.     <u>Asset Analysis and Recovery</u>:

     (1)  During the Total Fee Period, Applicant reviewed and analyzed the Debtor's petition, schedules, statement of financial affairs and documents produced to the Trustee in an effort to determine the value of the Debtor's assets over and above the allowable exemptions. Applicant began a detailed review and analysis of the Debtor's records with respect to potential avoidance actions. Applicant determined that the Debtor executed a quit claim deed in favor of his non-filing spouse prepetition. Applicant conducted legal research regarding the avoidability of same and conducted research regarding the value of the homestead property. Applicant spent additional time communicating with Debtor's counsel regarding the need for additional information and documentation and prepared and served a Notice and Re-Notice of Rule 2004 Examination *Duces Tecum* of the Debtor seeking such documents. Upon receipt of the documents produced in response to the *duces tecum* request, Applicant spent a substantial amount of time reviewing and analyzing same and preparing for the scheduled Rule 2004 examination of the Debtor. Applicant expended additional time conducting the Rule 2004 examination. Thereafter, Applicant entered into settlement negotiations and had numerous follow-up telephone and e-mail communications with Debtor's counsel in an effort to resolve all case issues.

     (2)    Applicant spent approximately 14.7 billable hours and incurred approximately $3,407.50 in professional fees in analyzing the Trustee's ability to recover monies for the Estate.

     B.     <u>Asset Disposition</u>:

     (1)  During the Total Fee Period, Applicant continued to communicate with Debtor's counsel to finalize the terms of the settlement. Applicant prepared and filed all of the necessary pleadings to effectuate the terms of the settlement and obtain court approval.

     (2)    Applicant spent approximately 1.4 billable hours and incurred approximately $440.00 in professional fees in connection with such services.

     C.     <u>Additional Categories</u>:

     Additional legal services were performed under the heading "Case Administration" and "Fee/Employment Applications" that are not specifically emphasized in this Application. However, without the performance of these actions Applicant could not have achieved the results stated herein.

     2.     <u>The Time and Labor Required</u>. The time records, (see Exhibit "3" attached hereto), document the hours expended by Applicant in performing professional legal services on behalf of the Trustee. These records merely paraphrase the time devoted to the many aspects

3

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

of this matter and they do not fully convey the quality, character or importance of services performed nor the priority accorded this proceeding by Applicant.

3. <u>Novelty and Difficulty of the Services</u>. The instant case required a moderate level of skill and perseverance and the procedural aspects of this case to date have been ordinary.

4. <u>The Skill Requisite to Perform the Legal Services Properly</u>. Applicant has drawn upon the judgment, experience and substantive legal knowledge of partners and associates specializing in the fields of bankruptcy law, creditors' rights, commercial law, and civil litigation to perform the services rendered on the Trustee's behalf.

5. <u>The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case</u>. Applicant was not precluded from accepting other employment as a result of its representation of the Trustee. However, had Applicant not accepted this appointment, the time spent on this case might have been devoted to other matters paying substantial hourly compensation on a current basis, rather than at the successful conclusion of the case.

6. <u>The Customary Fee</u>. The hourly rates of Tabas, Freedman & Soloff, P.A., are set forth on the attached Exhibit "1-A" and reflect the hourly rates billed by Applicant during the pendency of this matter.

7. <u>Whether the Fee is Fixed or Contingent</u>. As counsel for the Trustee, Applicant's compensation for handling this matter is essentially contingent. This additional risk should be taken into consideration and Applicant's compensation should be enhanced to compensate its assumption of the risk of non-payment and delay in payment. <u>See</u> <u>Jones v. Central Soya Co., Inc.</u>, 748 F.2d 586, 591 (11th Cir. 1984); <u>In re Elmendorf Board Corp.</u>; 57 B.R. 580 (Bankr. D.N.H. 1986).

8. <u>Time Limitations Imposed by the Client or Other Circumstances</u>: Applicant was mindful of the desires of the Trustee to complete administration of this case expeditiously.

9. <u>The Experience, Reputation and Ability of the Attorneys</u>. Tabas, Freedman & Soloff, P.A. is an established law firm that has experience in civil litigation and bankruptcy and commercial law. Joel L. Tabas, a partner with the firm, is an experienced and respectable attorney who has been known to this Court since 1985.

10. <u>The "Undesirability" of the Case</u>. Applicant is honored to have been employed by the Trustee and approved by the Court to serve as the Trustee's counsel in this proceeding.

11. <u>Nature and Length of the Professional Relationship with the Client</u>. Applicant has frequently served as counsel to the Trustee.

4

12. <u>Awards in Similar Cases</u>. The amount petitioned for by Applicant is not unreasonable in terms of awards in cases of like magnitude and complexity. The fees and costs requested by Applicant comport with the standards set forth in 11 U.S.C. § 330 for compensation of professionals.

WHEREFORE, Applicant, Tabas, Freedman & Soloff, P.A., respectfully petitions that they be allowed an award of compensation, pursuant to 11 U.S.C. § 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, in the amount of $3,000.00, plus reimbursement of expenses in the amount of $ 253.57, for a total amount of **$3,253.57** requested for Applicant's services and costs during the Total Fee Period.

Dated: June 27, 2014.                    /s/ Joel L. Tabas
                                         Joel L. Tabas
                                         Florida Bar No. 516902
                                         Tabas, Freedman & Soloff, P.A.
                                         Attorneys for Trustee, Scott N. Brown
                                         14 N.E. First Avenue, PH
                                         Miami, Florida  33132
                                         Telephone:  (305) 375-8171
                                         Telefax:    (305) 381-7708

CASE NO.: 12-27558-BKC-RBR

# **CERTIFICATION**

1. I have been designated by Tabas, Freedman & Soloff, P.A. (the "Applicant") as the professional with responsibility in this case for compliance with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases (the "Guidelines").

2. I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4. In seeking reimbursement for the expenditures described on Exhibit 2, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5. In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6. The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance:

         NONE         .

6

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

CASE NO.: 12-27558-BKC-RBR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this Application, with all exhibits, was served this

27th day of June, 2014

via electronic transmission to:

Scott N Brown     sbrown@bastamron.com,
dtimpone@bastamron.com;dquick@bastamron.com;hgerson@bastamron.com
Scott N Brown     sbrown@bastamron.com,
jarrechavala@bastamron.com;snbrown@ecf.epiqsystems.com;dtimpone@bastamron.com
Winston I Cuenant     winston@cmclegal.net,
drabrams620@gmail.com;;cn.ecf.mail@gmail.com
Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov

U.S. Mail to:

David Christopher Nagle
1744 NW 36th Court
Oakland Park, FL 33309

/s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for Trustee, Scott N. Brown
14 N.E. First Avenue, PH
Miami, Florida  33132
Telephone:   (305) 375-8171
Telefax:     (305) 381-7708

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

# EXHIBIT "1-A"
## Summary of Professional and Paraprofessional Time
## Total per Individual
## for this Period Only

| Name | Partner, Associate, or Paraprofessional | Year Licensed | Total Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| S. N. BROWN | Partner | 2003 | 0.40 | 425.00 | 170.00 |
| S. N. BROWN | Partner | 2003 | 0.80 | 475.00 | 380.00 |
| M. H. GELLER | Associate | 2011 | 15.40 | 228.90 | 3,525.00 |
| L. M. SHORTINO | Paralegal | N/A | 1.20 | 185.00 | 222.00 |
| Blended Hourly Rate | | | | 241.40 | |
| Total Fees | | | 17.80 | | 4,297.00 |

**EXHIBIT "1-B"**
**SUMMARY OF PROFESSIONAL AND**
**PARAPROFESSIONAL TIME BY**
**ACTIVITY CODE CATEGORY FOR**
**THIS TIME PERIOD ONLY**

### Asset Analysis and Recovery

| Fee Summary | Hours | Rate | Amount |
|---|---:|---:|---:|
| M. H. GELLER | 14.40 | 250.00 | 3,275.00 |
| S. N. BROWN | 0.20 | 425.00 | 85.00 |
| S. N. BROWN | 0.10 | 475.00 | 47.50 |
| Totals | 14.70 | | 3,407.50 |

### Asset Disposition

| Fee Summary | Hours | Rate | Amount |
|---|---:|---:|---:|
| M. H. GELLER | 1.00 | 250.00 | 250.00 |
| S. N. BROWN | 0.40 | 475.00 | 190.00 |
| Totals | 1.40 | | 440.00 |

### Case Administration

| Fee Summary | Hours | Rate | Amount |
|---|---:|---:|---:|
| S. N. BROWN | 0.30 | 475.00 | 142.50 |
| Totals | 0.30 | | 142.50 |

### Fee/Employment Applications

| Fee Summary | Hours | Rate | Amount |
|---|---:|---:|---:|
| L. M. SHORTINO | 1.20 | 185.00 | 222.00 |
| S. N. BROWN | 0.20 | 425.00 | 85.00 |
| Totals | 1.40 | | 307.00 |

# EXHIBIT "2"
## Summary of Requested Reimbursement of Expenses
## for this Time Period Only

| | | |
|---|---|---|
| 1. | Filing Fees | 0.00 |
| 2. | Process Service Fees | 0.00 |
| 3. | witness Fees | 0.00 |
| 4. | Court Reporter & Transcripts | 0.00 |
| 5. | Lien and Title Searches | 0.00 |
| 6. | Photocopies (in-house copies) | 153.45 |
| 7. | Photocopies (outside copies) | 0.00 |
| 8. | Postage | 10.12 |
| 9. | Overnight Delivery Charges | 0.00 |
| 10. | Outside Courier/Messenger Services | 0.00 |
| 11. | Long Distance Telephone Charges | 0.00 |
| 12. | Long Distance Fax Transmission | 0.00 |
| 13. | Computerized Reseach | 0.00 |
| 14. | Out of Southern District of Florida Travel | 0.00 |
| 15. | Other (not specifically disallowed; must specify and justify) | 90.00 |
| | TOTAL GROSS AMOUNT OF REQUESTED DISBURSEMENTS | 253.57 |

# EXHIBIT "3"
# ITEMIZED EXPENSES

**Other professionals**

| | | |
|---|---|---|
| 11/20/12 | Other professionals-Certicate Documents | 90.00 |
| | Sub-total | 90.00 |

**Photocopy Charge**

| | | |
|---|---|---|
| 10/04/12 | Photocopy Charge | 0.15 |
| 10/04/12 | Photocopy Charge | 0.15 |
| 10/04/12 | Photocopy Charge | 0.90 |
| 10/11/12 | Photocopy Charge | 0.15 |
| 10/16/12 | Photocopy Charge/copies of national archives | 90.00 |
| 10/22/12 | Photocopy Charge | 0.15 |
| 10/22/12 | Photocopy Charge | 0.15 |
| 10/22/12 | Photocopy Charge | 0.75 |
| 10/22/12 | Photocopy Charge | 0.75 |
| 10/22/12 | Photocopy Charge | 0.75 |
| 10/22/12 | Photocopy Charge | 0.45 |
| 10/29/12 | Photocopy Charge | 0.15 |
| 10/29/12 | Photocopy Charge | 0.15 |
| 10/29/12 | Photocopy Charge | 0.15 |
| 10/29/12 | Photocopy Charge | 0.30 |
| 12/27/12 | Photocopy Charge | 0.30 |
| 12/27/12 | Photocopy Charge | 0.15 |
| 12/27/12 | Photocopy Charge | 0.15 |
| 02/07/13 | Photocopy Charge | 0.15 |
| 02/07/13 | Photocopy Charge | 0.15 |
| 02/07/13 | Photocopy Charge | 0.60 |
| 02/07/13 | Photocopy Charge | 0.30 |
| 02/07/13 | Photocopy Charge | 0.45 |
| 02/07/13 | Photocopy Charge | 0.45 |
| 02/07/13 | Photocopy Charge | 0.30 |
| 02/15/13 | Photocopy Charge | 0.15 |
| 02/15/13 | Photocopy Charge | 0.15 |
| 02/15/13 | Photocopy Charge | 0.15 |
| 02/15/13 | Photocopy Charge | 0.30 |
| 02/26/13 | Photocopy Charge | 1.05 |
| 02/27/13 | Photocopy Charge | 1.05 |
| 03/01/13 | Photocopy Charge | 0.30 |
| 03/01/13 | Photocopy Charge | 0.75 |
| 03/04/13 | Photocopy Charge | 0.15 |
| 03/04/13 | Photocopy Charge | 0.75 |
| 03/04/13 | Photocopy Charge | 1.50 |
| 03/04/13 | Photocopy Charge | 0.75 |
| 03/04/13 | Photocopy Charge | 42.30 |
| 03/28/13 | Photocopy Charge | 0.30 |
| 03/28/13 | Photocopy Charge | 0.15 |
| 04/01/13 | Photocopy Charge | 3.30 |

| Date | Description | Amount |
|---|---|---|
| 04/01/13 | Photocopy Charge | 0.15 |
| 04/01/13 | Photocopy Charge | 0.15 |
| 07/23/13 | Photocopy Charge | 0.30 |
| 07/24/13 | Photocopy Charge | 0.30 |
| 07/24/13 | Photocopy Charge | 0.30 |
| 07/24/13 | Photocopy Charge | 0.30 |
| 07/24/13 | Photocopy Charge | 0.15 |
| 07/24/13 | Photocopy Charge | 0.15 |
| 08/28/13 | Photocopy Charge | 0.15 |
| 08/28/13 | Photocopy Charge | 0.30 |
| | Sub-total | 153.45 |

**Postage**

| Date | Description | Amount |
|---|---|---|
| 03/04/13 | Postage | 5.06 |
| 04/01/13 | Postage | 5.06 |
| | Sub-total | 10.12 |
| | TOTAL COSTS | 253.57 |

**EXHIBIT "3"**
**SUMMARY OF PROFESSIONAL AND**
**PARAPROFESSIONAL TIME BY**
**ACTIVITY CODE CATEGORY**

**Asset Analysis and Recovery**

| | | | | | | |
|---|---|---|---|---|---|---|
| 2164459 | 10/16/12 | MHG | Review/analyze schedules and people map report, research relating to undisclosed assets and transferred properties | 2.90 | 250.00 | 725.00 |
| 2164921 | 10/17/12 | MHG | Research on Broward and Collier county property appraiser and clerk of courts websites to review and analyze all properties owned and/or transferred by the Debtor; prepare memorandum regarding same | 3.10 | 250.00 | 775.00 |
| 2165106 | 10/17/12 | MHG | Prepare correspondence requesting further information and documentation | 1.00 | 250.00 | 250.00 |
| 2165112 | 10/17/12 | MHG | Meeting with S. Brown regarding asset investigation and document request | 0.30 | 250.00 | 75.00 |
| 2165633 | 10/18/12 | MHG | Prepare and send e-mail to D. Timpone regarding request for documents in debtor's 2001 previous bankruptcy case | 0.10 | 250.00 | NC |
| 2165634 | 10/18/12 | MHG | Review and revise letter to W. Cuenant requesting further information; prepare and send e-mail with document request and also to request 60 day extension to object to discharge and exemptions | 0.40 | 250.00 | 100.00 |
| 2166509 | 10/22/12 | MHG | Prepare motion for enlargement of time to file objection to exemptions and to file complaint objecting to discharge | 0.20 | 250.00 | 50.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2183349 | 11/06/12 | MHG | Receipt and review e-mail from W. Cuenant regarding status of documents | 0.10 | 250.00 | 25.00 |
| 2186086 | 11/14/12 | MHG | Follow-up with debtor's counsel regarding documents | 0.10 | 250.00 | 25.00 |
| 2186691 | 11/15/12 | MHG | Receipt and review reposnses from debtor regarding questions and requests for documents; discuss with S. Brown; prepare follow up correspondence to W. Cuenant | 0.50 | 250.00 | 125.00 |
| 2195861 | 11/29/12 | MHG | Legal research regarding whether debtor is entitled to wildcard where he quit claim deeds homestead to non-filing spouse | 1.40 | 250.00 | 350.00 |
| 2203390 | 12/13/12 | MHG | Telephone conference with W. Cuenant regarding outstanding documents and current issues in case | 0.20 | 250.00 | 50.00 |
| 2205408 | 12/19/12 | MHG | Research related to transfer of real properties and marriages of debtor | 1.00 | 250.00 | NC |
| 2205531 | 12/19/12 | MHG | Prepare objection to exemptions of claimed personal property wildcard exemption; discuss same with S. Brown | 0.50 | 250.00 | 125.00 |
| 2206128 | 12/20/12 | MHG | Telephone conference with W. Cuenant regarding objection to wildcard and scheduling of 2004 examination; engage in e-mail correspondence with W. Cuenant regarding same; prepare and send e-mail to S. Brown regarding same and extensions | 0.30 | 250.00 | 75.00 |
| 2206565 | 12/21/12 | MHG | Prepare notice of 2004 and schedule A | 0.70 | 250.00 | 175.00 |
| 2206575 | 12/21/12 | MHG | Receipt and review e-mail from S. Brown regarding settlement; prepare e-mail correspondence in reply regarding same | 0.20 | 250.00 | 50.00 |
| 2206473 | 12/24/12 | SNB | Prepare and send e-mail to M. Geller regarding case status and potential recoveries | 0.10 | 425.00 | 42.50 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2207359 | 12/27/12 | SNB | Review and execute certificate of mailing of order enlarging deadlines | | 0.10 | 425.00 | 42.50 |
| 2207686 | 12/27/12 | MHG | Review and revise notice of 2004 and certificate of service | | 0.20 | 250.00 | 50.00 |
| 2214840 | 01/14/13 | MHG | Telephone conference with W. Cuenant regarding debtor's inability to attend 2004 examination and request for documents and proof of debtor's whereabouts and explanation for inability to attend | | 0.20 | 250.00 | NC |
| 2215488 | 01/15/13 | MHG | Prepare and send e-mail to W. Cuenant regarding past communications and lack of cooperation, reschedule 2004 examination | | 0.30 | 250.00 | 75.00 |
| 2216227 | 01/16/13 | MHG | Prepare and send e-mail to W. Cuenant regarding re-notice of 2004 | | 0.10 | 250.00 | 25.00 |
| 2222169 | 01/30/13 | MHG | Telephone conference with W. Cuenant regarding settlement offer | | 0.10 | 250.00 | 25.00 |
| 2222170 | 01/30/13 | MHG | Prepare and send e-mail to S. Brown regarding amount of creditor claims filed in case | | 0.20 | 250.00 | 50.00 |
| 2223321 | 02/01/13 | MHG | Telephone conference with W. Cuenant regarding tax refunds | | 0.20 | 250.00 | 50.00 |
| 2225935 | 02/07/13 | MHG | Prepare and send e-mail to W. Cuenant regarding extension of time to file a complaint objecting to discharge; request boat information | | 0.10 | 250.00 | 25.00 |
| 2226203 | 02/07/13 | SNB | Review, revise and finalize motion to enlarge deadlines and proposed order granting same | | 0.10 | 475.00 | 47.50 |
| | | | 001 Sub Total | | 14.70 | | 3,407.50 |

| Fee Summary | Hours | Rate | Amount |
|---|---|---|---|
| M. H. GELLER | 14.40 | 250.00 | 3,275.00 |
| S. N. BROWN | 0.20 | 425.00 | 85.00 |
| S. N. BROWN | 0.10 | 475.00 | 47.50 |
| Totals | 14.70 | | 3,407.50 |

**Asset Disposition**

| ID | Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 2226648 | 02/11/13 | MHG | Prepare stipulation for settlement of over exempt assets | 0.70 | 250.00 | 175.00 |
| 2229452 | 02/15/13 | MHG | Review/analyze changes to stipulation agreement made by S. Brown; send final to W. Cuenant for signatures | 0.20 | 250.00 | 50.00 |
| 2232858 | 02/26/13 | MHG | Follow-up with W. Cuenant regarding status of executed stipulation agreement | 0.10 | 250.00 | 25.00 |
| 2235672 | 03/04/13 | SNB | Review and revise 9019 motion and proposed order; review file, docket and pleadings in connection with same | 0.30 | 475.00 | 142.50 |
| 2271791 | 03/28/13 | SNB | Review and sign certificate of no response and request for entry of order granting motion to approve compromise and settlement; review docket in connection with same | 0.10 | 475.00 | 47.50 |
| | | | 002 Sub Total | 1.40 | | 440.00 |

| Fee Summary | Hours | Rate | Amount |
|---|---|---|---|
| M. H. GELLER | 1.00 | 250.00 | 250.00 |
| S. N. BROWN | 0.40 | 475.00 | 190.00 |
| Totals | 1.40 | | 440.00 |

**Case Administration**

| ID | Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 2343379 | 08/05/13 | SNB | Receipt and review of e-mail from debtor's counsel regarding status of default; respond to same | 0.10 | 475.00 | 47.50 |
| 2343393 | 08/05/13 | SNB | Telephone conferences and e-mails with debtor's counsel regarding past due payments; receipt and review of e-mails from debtor's counsel; research disposition of checks | 0.20 | 475.00 | 95.00 |
| | | | 004 Sub Total | 0.30 | | 142.50 |

| Fee Summary | Hours | Rate | Amount |
|---|---|---|---|
| S. N. BROWN | 0.30 | 475.00 | 142.50 |
| Totals | 0.30 | | 142.50 |

**Fee/Employment Applications**

| | | | | | | |
|---|---|---|---|---|---|---|
| 2159319 | 10/04/12 | SNB | Review and sign motion to employ firm, affidavit and proposed order granting same | 0.10 | 425.00 | 42.50 |
| 2163229 | 10/12/12 | SNB | Review and execute certificate of mailing of order employing firm | 0.10 | 425.00 | 42.50 |
| 2503744 | 06/26/14 | LMS | Review and revise proforma | 0.20 | 185.00 | 37.00 |
| 2503884 | 06/27/14 | LMS | Prepare final fee application and narratives; efile same | 1.00 | 185.00 | 185.00 |
| | | | 007 Sub Total | 1.40 | | 307.00 |

| Fee Summary | Hours | Rate | Amount |
|---|---|---|---|
| L. M. SHORTINO | 1.20 | 185.00 | 222.00 |
| S. N. BROWN | 0.20 | 425.00 | 85.00 |
| Totals | 1.40 | | 307.00 |
| Total Fees | | 17.80 | 4,297.00 |